IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTEZ RASHAAD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00329-SMY |
| ) | |
| ANGELA J. CATT, ) | |
| RICHARD L. NIDEY, ) | |
| DAVID W. RAINS, ) | |
| PATTY THULL, ) | |
| JOHN R. BALDWIN, and ) | |
| ROBINSON CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Montez Rashaad Williams brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred when he was an inmate of the Illinois Department of Corrections incarcerated at Robinson Correctional Center ("Robinson"). He asserts claims related to a dispute over prison issued boots and disciplinary proceedings. He seeks monetary damages.[1] *Id.*

This case is before the Court for preliminary review of the Amended Complaint[2] under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.[3] 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff also seeks an injunction to enforce the demands in his 100 paragraph "Affidavit of Truth."
[2] Plaintiff filed an Amended Complaint prior to the screening of his Complaint.
[3] At the time of filing this action, Plaintiff was incarcerated and thus subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* 28 U.S.C. § 1915A(c).

1

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: When Plaintiff arrived at Robinson in 2016, he was issued items of clothing including state blues, underwear, socks, and boots. He was given documents to sign to acknowledge receipt of the items, but was not given notice that he would have to pay for the items. Plaintiff was assigned to a bunk bed with a small foot locker where he kept the boots. One day, he noticed the boots were missing and told a C/O the boots had been stolen.

On February 6, 2018, Plaintiff was called to clothing to be processed for transfer to East Moline Correctional Center. He turned in the items of clothing in his possession. Clothing Room Supervisor Angela Catt asked for the boots and he told her they were stolen. Catt asked him why he had not reported them stolen and he replied that he had reported it to a C/O. Catt advised him he had to pay for the missing boots. He asked her for the law that states he has to pay for property that was stolen. In response, Catt yelled at him using profane language and ordered him to sit down. Other staff members arrived, and he was told he should not have asked Catt for the law and that he had been disrespectful. He later received a disciplinary ticket for disobeying a direct order.

Plaintiff believes there were numerous due process and administrative code violations during the disciplinary hearing on the ticket: a counseling staff member should have been present; there should have been two people on the committee; Plaintiff had a right to call witnesses; and there should have been one minority on the committee. Program Committee Officer Richard Nidey told Plaintiff he would not investigate or call any witnesses.

On February 7, 2018, Plaintiff told Warden David Rains about Catt's misconduct. Rains was dismissive and indifferent. Plaintiff went to the Internal Affairs Office to talk to them about a different matter and brought up Catt's misconduct. He was told not to question staff like he had

done with Catt.

After transfer to East Moline, Plaintiff filed a grievance directly with the Administrative Review Board. ARB member Patty Thull sent him a response denying the grievance and Director Baldwin concurred. At some point, $11.60 was taken from his trust account to pay for the boots.

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** **Fourteenth Amendment claim against all Defendants for due process and administrative code violations in connection with the disciplinary proceedings.**
>
> **Count 2:** **Fourteenth Amendment property loss claim for the $11.60 that was taken from Plaintiff's trust fund account to pay for boots.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion regarding their merit.

## Preliminary Dismissal

Plaintiff's claim against Robinson Correctional Center, a division of the Illinois Department of Corrections, is barred because it is a state agency not subject to suit under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Therefore, Robinson Correctional Center is dismissed with prejudice.

## Discussion

The Court has attempted to identify Plaintiff's claims with as much clarity as possible given the disjointed, repetitive, and confusing manner in which he presented his lengthy pleading. The Amended Complaint violates the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) as it is the opposite of "a short and plain statement of the claim," and is anything but "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). It includes references to a plethora

3

of alleged "legal" claims including, but not limited to, negligence, conspiracy, theft, misconduct, deprivation under color of law, violations of the administrative code, fraud, breach of duty, a challenge to the rule of "disobeying a direct order," ethical violations, retaliation, equal protection violations, intentional infliction of emotional distress, interference with the pursuit of happiness, default, and estoppel. The references are threadbare, conclusory allegations that fail to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). As such, the Amended Complaint violates Rule 8 and *Twombly*[4] pleading standards, and with the exception of the due process and property claims discussed below, all intended claims are dismissed without prejudice as inadequately pleaded.

## Count 1

To state a procedural due process claim under the Fourteenth Amendment, Plaintiff must show that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The right to due process is triggered only when a protected interest is at stake. A court analyzing this claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.*

Although Plaintiff alleges numerous procedural due process violations in connection with the disciplinary ticket and hearing, he does not plead that a protected liberty interest was at stake.[5]

---

[4] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] For example, confinement to disciplinary segregation that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" triggers a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). But demotion to C-grade status, restricted commissary privileges, visitation restrictions, and losing a job in the prison do not present a protected liberty interest. *See, Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary

4

In fact, Plaintiff has provided no information as to any punishment that resulted from the disciplinary proceeding.

Plaintiff also alleges numerous violations of the Illinois Administrative Code related to the disciplinary proceedings. But a federal court does not enforce state law and regulations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Thus, the alleged administrative code violations are not actionable under Section 1983.

For these reasons, Count 1 will be dismissed without prejudice.

## Count 2

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Therefore, Plaintiff must pursue any property loss claim in that forum, and Count 2 will be dismissed without prejudice.

## Disposition

This matter does not survive 28 U.S.C. § 1915A review. **IT IS HEREBY ORDERED**

---

privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement); *DeWalt v. Carter,* 224 F.3d 607, 613 (2000) (prisoners do not have a liberty or property interest in their jobs).

5

that the Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; Defendant Robinson Correctional Center is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a party in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **SEPTEMBER 20, 2019**. Should Plaintiff decide to file a Second Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. The Second Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous

pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "Second Amended Complaint," and state the case number, 19-cv-00329-SMY. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: AUGUST 21, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**