# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTEZ RASHAAD WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00329-SMY |
| ) | |
| ANGELA J. CATT, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Montez Rashaad Williams filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights (Doc. 1). The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on August 21, 2019, the Court dismissed the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 9).

Williams was granted leave to file a Second Amended Complaint on or before September 20, 2019. (Doc. 9, p. 6). Williams was warned that if he failed to submit a Second Amended Complaint, this case would be dismissed with prejudice. (*Id.*). The deadline to file a Second Amended Complaint has passed. Williams has not filed a Second Amended Complaint, nor has he requested an extension. The Court will not allow this matter to linger indefinitely.

Accordingly**, IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for Williams's failure to comply with the Court's Order to file a Second Amended Complaint and to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Further,

because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Williams is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Williams wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Williams plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Williams chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Williams may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

**DATED: OCTOBER 7, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**